## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SS WHITE BURS, INC.

                                              NO.

                    Plaintiff,

      v.

GUIDANCE ENDODONTICS, LLC,

                    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff SS White Burs, Inc. ("SS White"), by and through its undersigned counsel, alleges as follows:

### Nature of the Case

1.     SS White brings this action seeking injunctive and other relief as a result of the anticipatory breach of a settlement agreement dated April 27, 2018 between defendant Guidance Endodontics, LLC ("Guidance") and SS White (the "Settlement Agreement"). SS White and Guidance entered into a contract on March 26, 2015 by which Guidance would grant SS White a non-exclusive license to use certain of Guidance's intellectual property (the "March 2015 Agreement"). The parties later entered into an amendment to the March 2015 Agreement on January 31, 2016 (the "January 2016 Amendment"). A dispute arose regarding the obligation of SS White to pay royalties under the March 2015 Agreement and the January 2016 Amendment (collectively, the "Superseded Agreement"). In an effort to resolve this dispute, Charles Goodis ("Goodis")-as the founder, owner and CEO of Guidance-negotiated and executed the Settlement Agreement with SS White. The Settlement Agreement provides that SS White will pay the royalty payments accrued under the Superseded Agreement, as well as $175,000.00 per year over the course of five years. In return Guidance will transmit ownership rights to certain intellectual

property to SS White.  Defendant has repudiated the Settlement Agreement and stated that it does not intend to perform its duties thereunder.

2.      Plaintiff SS White is an Illinois Corporation with its principal place of business at 1145 Towbin Avenue, Lakewood, New Jersey 08701.

3.      On information and belief, Defendant Guidance is a limited liability company with a place of business at 7520 Montgomery Blvd NE, Suite E1, Albuquerque, NM 87109.  Goodis is the founder, owner and CEO of Guidance.

4.      Goodis conducts his business though Guidance and Edge Endo, LLC ("Edge Endo") and uses these entities interchangeably. Guidance is an alter-ego of Edge Endo and vice versa.

**Jurisdiction and Venue**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  The action is between citizens of different States, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Venue is appropriate in the District pursuant to 28 U.S.C. § 1391(c).

7.      On information and belief, Guidance is subject to personal jurisdiction in this district by virtue of its presence in this state, having conducted business in this state, having availed itself of the rights and benefits of New Mexico law such that it should reasonably anticipate being haled into court in this district, having engaged in systematic and continuous contacts with the State of New Mexico, and from receipt of substantial revenue from activities conducted in this state and in this district.

**Factual Allegations**

8.     SS White is a manufacturer of high quality dental products.  SS White's innovative products allow dental practitioners to work accurately and precisely, and to maximize comfort and quality.

9.     SS White was founded in 1844.  SS White is co-owned and operated by Tom Gallop ("Gallop").  The company develops medical devices used by dental professionals for cavity preparations, root canals, and the additions of crowns and bridges.  SS White develops and provides rotary cutting instruments, devices used in finishing and polishing, as well as root canal files, obturators, and gutta percha.

10.    SS White seeks to bring minimally invasive procedures to the field of dentistry, and began by using unique patented products to minimize invasive procedures for cavity preparation, before investigating how it could develop similar procedures for root canals.  After evaluating all available intellectual property, SS White determined to pursue a license for the V-Taper patents developed by Goodis.

11.    A "V-Taper" is a file used for root canal treatment.  This technology was patented by Goodis with unique claims related to the variable taper, as opposed to the fixed taper in existing art.  The variable taper and the cross-sectional core allows a dentist to perform a root canal with a much less invasive preparation, while also allowing for superior strength as a result of its parabolic core design.

12.    On March 26, 2015, Guidance entered into a License Agreement with SS White.  *See* March 2015 Agreement, attached hereto as Exhibit A.  Under the March 2015 Agreement, Guidance granted to SS White "a worldwide non-exclusive license under the Licensed Patents to manufacture, have manufactured, use, offer to sell, import and sell the endodontic files covered by

- 3 -

any claim of the Licensed Patents[.]"  *See* March 2015 Agreement Sec. 2.1.  The March 2015 agreement was signed by Goodis on behalf of Guidance and by Matt Hill ("Hill") on behalf of SS White.

13.      The "Licensed Patents" include "any patent obtained for any Licensed Technology or its method of use, including but not limited to U.S. Patent No. 7,967,605 and European Patent Application 1734884."  *See id*. at 1(c).  The "Licensed Technology" means "the File, methods of use thereof, and all adaptations, improvements, changes and modifications made thereto[.]"  *See id.* at 1(b).  The "File" is "all intellectual property related to any proprietary, variable taper endodontic files . . . including the variable taper file designs as specified in Exhibit A [to the March 2015 Agreement].  *See id.* at Recital B.

14.      In return for this license, SS White agreed to make certain royalty payments to Guidance.  *See id.* at 3.1-3.3.

15.      Under the January 2016 Amendment, Guidance and SS White amended the March 2015 Agreement on January 31, 2016.  *See* January 2016 Amendment, attached hereto as Exhibit B.

16.      The January 2016 Amendment extended the terms of the March 2015 Agreement but made no other material changes to the March 2015 Agreement.

17.      The January 2016 Amendment was signed by Goodis on behalf of Guidance and by Hill on behalf of SS White.

18.      A dispute arose between Guidance and SS White regarding the payment of these royalty fees.  The March 2015 Agreement included a provision that rendered SS White's license exclusive if SS White paid certain minimum royalty payments.  Guidance, through Goodis, asserted that SS White had failed to pay the minimum royalty payment for a number of years.

19.     Shortly thereafter, Guidance, through Goodis, made an offer of compromise to SS White.  Specifically, Goodis offered to waive the royalty payment in return for providing Edge Endo (another company founded, owned and operated by Goodis) with an SS White dealership and SS White products worth approximately $350,000.00 per year over the course of five years.

20.     Gallop, on behalf of SS White, accepted Goodis's offer of compromise.

21.     Goodis soon communicated to Gallop that he would no longer abide by the compromise offer.

22.     In another effort to settle the dispute, Goodis (as the founder, owner and CEO of Guidance) and Gallop (as the owner and CEO of SS White) met in Denver, Colorado on or around April 27, 2018.  Gallop demanded that Goodis, Guidance, and Edge Endo comply with the prior offer of compromise, by which Edge Endo would receive an SS White dealership and SS White products worth approximately $350,000.00 per year over the course of five years, in return for Guidance's waiver of the royalty payments.  Goodis countered, this time offering to sell ownership of the V-Taper patents outright to SS White in return for SS White paying royalties due under the March 2015 Agreement and January 2016 Amendment.  In addition, Goodis demanded additional consideration from SS White in the form of a yearly payment of $175,000.00 per year for the next five years.

23.     Gallop accepted Guidance's offer.

24.     The parties reduced this offer and acceptance into writing (i.e., the Settlement Agreement) and Goodis and Gallop, on behalf of Guidance and SS White, respectively, executed the Settlement Agreement.  *See* Settlement Agreement, attached hereto as Exhibit C.

25.     The Settlement Agreement superseded the March 2015 and January 2016 Agreements in their entirety as the parties intended.

- 5 -

26.     The parties intended the Settlement Agreement to be a final resolution of their dispute.

27.     Under the Settlement Agreement, SS White agreed to a purchase price including all accrued royalties owed as a result of the Superseded Agreement, and annual payments of $175,000.00 for the next five years.  In return for that purchase price, Guidance promised to transfer ownership of the V-Taper patents to SS White.  *See id.*

28.     The Settlement Agreement constituted a superseding agreement by Goodis. However, when the parties reduced the agreement to writing, the parties mistakenly wrote Edge Endo (the other company founded, owned and operated by Goodis) instead of Guidance.

29.     This drafting mistake is understandable as Goodis uses Guidance and Edge Endo interchangeably to conduct business.  For example, as noted above, Goodis interjected Edge Endo into his first offer of compromise.  Goodis founded, owns and controls both Guidance and Edge Endo.

30.     The parties intended to bind Guidance (not Edge Endo) and require Guidance to transfer the V-Taper patents.  Counsel for Goodis, Guidance, and Edge Endo confirmed that Guidance is the owner of the patents and the only party that would have the power to so transfer the patents.  Guidance is also the only party with the power to enter into a settlement related to the accrued royalties under the Superseded Agreement.  Goodis, as the founder, owner and CEO of Guidance, has the authority to enter into such settlements.

31.     The Settlement Agreement specifically references the Superseded Agreement, stating that, contrary to the prior compromise of the parties, "SS White pays accrued royalties per Agreement" and $175,000.00 per year over the next five years, from 2018 through 2022.  The

- 6 -

Settlement Agreement further states, "In exchange for this Edge Endo grants SSW Ownership of all V-Taper Patents."

32.     The Settlement agreement specifically references the Superseded Agreement, including the royalties accrued under that Agreement and the V-Taper patents covered by the Agreement.  This reference to the Superseded Agreement evidences that the parties to the Settlement Agreement intended to transfer the same V-Taper patents covered by the Superseded Agreement.

33.     On May 11, 2018, SS White contacted Goodis to correct the drafting error and effectuate the transfer of the ownership of the V-Taper Patents from Guidance to SS White.

34.     By telephone on June 6, 2018, and by letters dated May 29, 2018, and June 20, 2018, Guidance indicated that it would breach the Settlement Agreement by notifying SS White that it would not deliver to SS White the V-Taper patents or otherwise perform its obligations under the Settlement Agreement.  Despite the Settlement Agreement being negotiated and executed ***by Guidance's founder, owner and CEO***, Guidance asserts that the Settlement Agreement is somehow invalid.

35.     SS White has abided by the terms of the Settlement Agreement and stands ready and willing to perform under the Settlement Agreement.  Indeed, SS White placed into an escrow account the amount currently due to Defendant under the Settlement Agreement and is ready and willing to provide access to the escrow account to Guidance upon Guidance's performance of its obligations under the Settlement Agreement, mainly the transfer of ownership of the V-Taper patents to SS White.

36.     SS White has no adequate remedy at law.

**First Cause of Action**
**(Breach of Contract)**

37.      SS White hereby realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

38.      SS White has performed all duties, promises, and obligations required of it under the Settlement Agreement.

39.      Under the terms of the Settlement Agreement, Guidance was obligated to transfer and/or cause to be transferred the V-Taper patents.

40.      Guidance's failure and refusal to transfer and/or cause to be transferred the V-Taper patents constitutes a breach of the Settlement Agreement.

41.      Because of Guidance's breach of the Settlement Agreement, SS White has suffered general and consequential damages, including lost profits and escrow expenses.

**Second Cause of Action**
**(For Specific Performance)**

42.      SS White hereby realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

43.      SS White has demanded that Guidance transfer ownership of the V-Taper patents to SS White.

44.      Guidance has explicitly repudiated the Settlement Agreement and refused to transfer the V-Taper patents to SS White.

45.      SS White has no adequate remedy at law to enforce the provisions of the Settlement Agreement other than specific performance of the Settlement Agreement.

## Prayer for Relief

WHEREFORE, SS White requests the Court to:

a.      Award judgement in favor of SS White and against Guidance;

b.      Award damages in an amount to be determined at trial;

c.      Reform the Settlement Agreement to clarify that the parties intended to bind Guidance, rather than Edge Endo, to transfer ownership of the V-Taper patents to SS White;

d.      Grant a preliminary and permanent injunction that requires Guidance to immediately perform under the Settlement Agreement and transfer all rights and interests in the V-Taper patents to SS White;

e.      Award SS White costs and attorneys' fees; and

f.      Grant SS White additional relief as the Court deems just and proper.

## Demand For Jury Trial

SS White hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

HINKLE SHANOR LLP

/s/ *Gary W. Larson*
Gary W. Larson
Julie A. Sakura
P. O. Box 2068
Santa Fe, NM 87504
(505) 982-4554 telephone
(505) 982-8623 facsimile
glarson@hinklelawfirm.com
jsakura@hinklelawfirm.com

*Attorneys For Plaintiff SS White Burs, Inc.*