# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SS WHITE BURS, INC.

       Plaintiff,                                          No. 1:18-cv-00698 WJ-KBM

     v.

GUIDANCE ENDODONTICS, LLC,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO ALTER OR AMEND JUDGMENT

THIS MATTER comes before the Court upon Plaintiff's Motion to Alter or Amend Judgment, filed March 15, 2019 **(Doc. 34).** The Court has reviewed the motion, finds that no response is necessary and further finds that the motion is not well-taken and, therefore, is denied.

## BACKGROUND

On February 27, 2019, the Court entered a Memorandum Opinion and Order denying Plaintiff's Motion for a Preliminary Injunction and granting Defendant's Motion to Compel Arbitration and Dismiss Case. Doc. 32. A Rule 58 Judgment was also entered. Doc. 33. Plaintiff seeks a reconsideration of the Court's decision claiming (1) that the Court misapprehended facts and erred in making the factual finding that 2018 Handwritten Agreement was invalid; (2) erred in finding that no factual disputes existed; and (3) erred in denying discovery and a summary trial on the arbitration issue.

## DISCUSSION

The Court has the authority to alter, amend, correct, or clarify the judgment on a motion filed within 28 days of the judgment pursuant to Fed. R. Civ. P. 59(e) or 60(a). Rule 59(e)

provides grounds for altering or amending a judgment to correct a clear legal error or prevent manifest injustice, *see Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), and for other lawful reasons, including "the purely clerical task of incorporating" earlier rulings into the judgment, *see Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111-12 (9th Cir. 2011), and preventing "unnecessary burdens being placed on the courts of appeals" by clarifying the record before the time for filing an appeal expires, *United States v. Ibarra*, 502 U.S. 1, 5 (1991). Rule 60(a) similarly provides the Court with authority to "correct a clerical mistake or a mistake arising from oversight or omission," in order to conform the language in the judgment to the Court's original intent or its necessary implications. *See Garamendi v. Henin*, 683 F.3d 1069, 1077-80 (9th Cir. 2012); *see also McNickle v. Bankers Life and Cs. Co.*, 888 F.2d 678, 680 (10th Cir. 1989); *Fleming v. Gutierrez*, No. 13-CV-222 WJ/RHS, 2015 WL 12991248, at *1 (D.N.M. Aug. 19, 2015).[1]

**I.      Court Did Not Err in Failing to Apply Motion to Dismiss Standard**

Plaintiff contends that the Court was required to apply the standard under Fed.R.Civ.P. 12(b)(6) and consider all of Plaintiff's facts as true—which, according to Plaintiff, did not permit the Court to dismiss this case.

The Court applied the legal standards appropriate to the relief requested by the parties. Plaintiff sought injunctive relief, essentially wanting to put an end to the demand for arbitration proceedings requested by Defendant. Thus, the Court was required to follow that standard and did so. Doc. 32 at 6, n.5. Whether Plaintiff was entitled to injunctive relief necessarily required

---

[1] A motion to reconsider that is filed within ten days of the entry of judgment is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e). When motion is filed more than ten days after entry of judgment, as it is here, the motion is considered as one seeking relief from the judgment under Rule 60(b). Because the Judgment in this case was entered on February 27, 2019, the instant motion is treated as a motion to reconsider under Rule 60(b). *USA v. Dryden*, unpubl. opin., 1998 WL 458295, *1 (D.Kan). Under either standard, this motion would be denied.

that the Court determine whether Plaintiff would prevail on the merits. Plaintiff could do this only if it could show that that the 2018 Handwritten Document, which did not mention arbitration at all, was a valid and enforceable agreement. The dispositive question was whether the 2018 Handwritten Document was valid and controlling, or whether the mandatory arbitration provision in the earlier Licensing Agreement continued to be valid:

> This dispute ultimately centers on the validity of the 2018 Handwritten Document. If it controls, Plaintiff cannot be forced to arbitrate because that agreement does not contain an arbitration provision. Plaintiff would then likely prevail on the merits and be successful in obtaining the injunctive relief it requests.

Doc. 32 a5 6. The Court considered the facts and evidence offered by the parties, and concluded that Plaintiff could not prevail on the merits because the 2018 Handwritten Agreement was not valid and enforceable, and in the very least, did not supersede the parties' earlier Licensing Agreement.[2] The analysis would have ended there, with the case proceeding along its usual course, except that the opposing party had filed its own motion to compel arbitration. In addressing Defendant's motion to compel arbitration, the Court was obliged to rely on the appropriate standard used when considered whether a party can be forced to arbitrate. Plaintiff seems to overlook the reality that when such a motion is granted, dismissal of the case may be appropriate. *Armijo v. Prudential Ins. Co. of Am.,* 72 F.3d 793, 796–97 (10th Cir. 1995) (A district court may also dismiss a lawsuit when all claims are arbitrable). Thus, the dismissal of Plaintiff's case was done in connection with Defendant's motion to compel arbitration. The Court did not misapprehend the law with regard to application of the appropriate legal standard.

## II.     The Court Did Not Misapprehend the Facts

---

[2] A district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.2002). Plaintiff omitted many of the facts offered by Defendant, but did not dispute them and so the Court could consider these facts as undisputed.

Plaintiff also contends that in finding that the 2018 Handwritten Document was not valid and enforceable, the Court misapprehended facts and erred in finding that there were no factual disputes.

Plaintiff states correctly that the Court found no material factual disputes, and ironically, in its motion to reconsider, still offers no facts that are disputed and which the Court should have addressed. The Court's conclusion was based on the circumstances surrounding the 2018 Handwritten Document *as well as* the parties' subsequent proposals, which were considered by the parties but never executed. Taking all that into consideration, the Court was convinced that the 2018 Handwritten Document was a "starting point," or a "work in progress" rather than a meeting of the minds between the parties. Doc. 32 at 9.

The Court noted in its decision that while Plaintiff never mentioned those subsequent proposals or the circumstances surrounding them, it did not dispute them, either. Strangely, the factual allegations in Plaintiff's amended complaint do not venture past the dates relevant to the 2018 Handwritten Document, and make no reference to subsequent events, and none of these proposals are included as exhibits to the complaint (which includes only the previous Licensing Agreement and the superseding Licensing Agreement, and the 2018 Handwritten Document). *See* Doc. 5 & Exs. 1,2, & 3. Similarly, in its motion to reconsider, Plaintiff simply pretends these subsequent events and proposals do not exist.

A court may grant a motion to compel arbitration if there are no genuine issues of material fact regarding the parties' agreement. *See Hancock v. AT&T Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012). The facts relevant to Defendant's motion to compel were undisputed, and thus the Court did not error by making findings on the legal significance of those facts and granting Defendant's motion to compel.

**III. No Need for Summary Trial and Discovery**

Plaintiff had initially requested a summary trial on the issue of arbitrability as well as related discovery. In this motion, Plaintiff claims that the Court erred by dismissing the case without affording it any discovery. Because the Court found that the material facts regarding the continuing validity of the mandatory arbitration provision were undisputed, there is no need for either.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend Judgment **(Doc. 34)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE